UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| YOUNG K. CHOI,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC. and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.: SACV 23-02376-CJC (KESx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [Dkt. 12]** |

Plaintiff Young K. Choi filed this action in Orange County Superior Court alleging claims against his former employer, Defendant Wal-Mart Associates, Inc., for gender based hostile work environment, failure to prevent harassment, whistleblower retaliation, and wrongful termination.  (Dkt. 1-1 [Complaint, hereinafter "Compl."].)  Plaintiff seeks compensatory damages including "economic losses, lost past and future wages and benefits, medical expenses, mental and emotional distress, and other special and general damages," "punitive and exemplary damages where recoverable," and "reasonable attorneys' fees and costs of suit."  (*Id*. at 9.)

Defendant removed the case to this Court, invoking diversity jurisdiction and calculating the amount in controversy as follows. (Dkt. 1 [Notice of Removal, hereinafter "NOR"].) First, it calculated Plaintiff's economic damages as exceeding $86,000, considering Plaintiff's hourly rate of $20.60, his gross pay of approximately $1,000 per pay period, and the Administrative Office of the United States Courts' indication that in this District the median time from filing to disposition of a civil action is 27.8 months. (NOR ¶ 24; *see* Dkt. 3 [Declaration of Bree A. Oswald] Exs. B, C.) Second, it noted that "California courts have routinely found that emotional distress damages in a single plaintiff employment case, alone, exceed $75,000," listing two cases it contended concerned allegations similar "to Plaintiff's allegations (that he was retaliated against and terminated in retaliation for reporting harassment)" with non-economic damage verdicts of $3.25 million and $350,000. (NOR ¶¶ 27–28.) Third, it estimated that "a potential attorneys' fees award will almost certainly exceed the $75,000 jurisdictional threshold regardless of any other claimed damages," with "a bare minimum" attorney fee estimate of $30,000. (*Id.* ¶¶ 31–32.) Fourth, it stated that "an award of punitive damages could easily exceed the $75,000 threshold." (*Id.* ¶ 33.)

Now before the Court is Plaintiff's motion to remand, in which he argues Defendant has failed to show the amount in controversy exceeds $75,000. (Dkt. 12 [hereinafter "Mot."].) "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotations omitted). A defendant may remove to federal district court a civil action brought in state court, but over which a federal court may exercise original jurisdiction. *See* 28 U.S.C. § 1441(a). Federal courts have diversity jurisdiction over suits with more than $75,000 in controversy if the citizenship of each plaintiff is different from that of each defendant. *See* 28 U.S.C. § 1332(a). "[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of

complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018).

The burden of establishing subject matter jurisdiction falls on the defendant, and the removal statute is strictly construed against removal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A notice of removal need include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). But when "the plaintiff contests, or the court questions, the defendant's allegation" and "both sides submit proof," the defendant must prove the amount in controversy by a preponderance of the evidence. *Id*. at 554.

Plaintiff's primary objection to Defendant's amount-in-controversy calculation is that it fails to account for the fact that Plaintiff found new employment in October 2023, reducing his lost wages.[1] (Mot. at 7, 9; Dkt. 15 [Reply] at 1–2, 5.) But even if the lost wages in controversy in this case were limited to the wages Plaintiff lost from August 9, 2022 when he was terminated through October 19, 2023 when he obtained new employment, Plaintiff's lost wages would total around $30,000. (Dkt. 14 [Opposition] at 5; Reply at 1.) Adding those lost wages to the emotional distress damages, attorney fees, and punitive damages Plaintiff seeks makes clear that there is more than $75,000 is in controversy in this case. *See, e.g.*, *Mejia v. Parker Hannifin Corp.*, 2018 WL 582325, at *3 (C.D. Cal. Jan. 26, 2018) (denying motion to remand when court determined that only $31,238.84 of lost wages were at issue, but the amount in controversy was met with that amount plus alleged emotional distress damages, attorney fees, and punitive damages);

---

[1] Plaintiff also argues the copy of his earnings history that Defendant submits is not legible and therefore cannot be used. (Mot. at 7.) It is true that the chart is difficult to read and interpret, especially because it lacks column headings. But what appears clear from the chart, and what Plaintiff does not dispute, is that for the pay periods from July 4, 2021 through July 31, 2022, Plaintiff earned approximately $1,000 per two-week pay period.

*Cuevas v. Lowes Home Centers, LLC*, 2020 WL 6439174, at *4 (C.D. Cal. Aug. 5, 2020) (same with $29,150 in lost wages in controversy); *Jackson v. Compass Grp. USA, Inc.*, 2019 WL 3493991, at *4 (C.D. Cal. July 31, 2019) (same with $38,917 in lost wages).

Plaintiff also argues that "Defendant fails to establish *factual similarities* between the instant case and those Defendant cites to support its contentions" regarding emotional distress damages. (Mot. at 10 [emphasis in original]; *see* Reply at 2, 7.) When, as here, a plaintiff does not allege the specific amount of emotional distress damages he seeks, defendants often "introduce evidence of jury verdicts in other cases as evidence of a plaintiff's potential emotional distress damages." *Mejia*, 2018 WL 582325, at *3. "However, overall, district courts appear to require only 'analogous' or even 'similar' examples, not identical cases." *Id.* Defendant's examples—other single-plaintiff wrongful termination cases involving alleged harassment and retaliation—meet this standard. *See id.*; (NOR ¶ 27). And again, with $30,000 in lost wages at issue, the amount of emotional distress damages needed to put this case over the jurisdictional minimum is very low, especially considering that attorney fees and punitive damages are also at issue. *Cf. Jackson*, 2019 WL 3493991, at *6 (conservatively applying for purposes of an amount in controversy calculation a 1:1 ratio between emotional distress damages and economic damages).

Finally, Plaintiff argues punitive damages should not be considered in calculating the amount in controversy because Defendant argues he cannot recover them. (Mot. at 9.) But the test of whether to include punitive damages in the amount in controversy is not whether a plaintiff may actually recover punitive damages, but rather whether the plaintiff's complaint seeks them. *Cuevas*, 2020 WL 6439174, at *6 ("Punitive damages are to be included in the amount in controversy analysis when they are sought in the operative complaint."); *see St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) ("The inability of plaintiff to recover an amount adequate to give the court

jurisdiction does not show his bad faith or oust the jurisdiction.  Nor does the fact that the complaint discloses the existence of a valid defense to the claim."); *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010) ("This rule makes sense; just because a defendant might have a valid defense that will reduce recovery to below the jurisdictional amount does not mean the defendant will ultimately prevail on that defense.").  Indeed, if the Court "had to evaluate every possible defense that could reduce recovery below the jurisdictional amount [it] would essentially have to decide the merits of the case before it could determine if it had subject matter jurisdiction." *Geographic Expeditions*, 599 F.3d at 1108.  Plaintiff's Complaint seeks punitive damages and therefore such damages are at issue in this case.  (Compl. at 9.)

The amount in controversy is satisfied and Plaintiff's motion to remand is **DENIED**.[2]

DATED:    March 1, 2024

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

---

[2] Having read and considered the papers the parties presented, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for March 11, 2024, at 1:30 p.m. is hereby vacated and removed from the calendar.